MARÍA DEL CARMEN MORALES, Plaintiff and Appellant, v. ESPERANZA CRUZ-VÉLEZ, Defendant and Appellee.

No. 4016. Argued November 9, 1926.—Decided February 11, 1927.

*J. H. Brown* and *Clemente Ruiz Nazario* for the appellant. *José Sabater* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainant in this suit, relying on section 91 of the Code of Civil Procedure, on filing her complaint obtained a notice of *lis pendens* in the Registries of Property of Mayagüez and San Germán. The action was tried in the District Court of Mayagüez and judgment was rendered against the complainant. On appeal the judgment was affirmed by this court.

Thereafter the defendant and appellee moved the District Court of Mayagüez to cancel the said notices of *lis pendens*. The complainant and appellant appeared and opposed the motion. The court ordered the cancellation and from this order an appeal was taken.

At the time of making her opposition the complainant

and appellant showed to the district court that an appeal had been taken to the Circuit Court of Appeals from the judgment of this court.

Sections 91 and 348 of the Code of Civil Procedure provide as follows:

"Sec. 91.—In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and the description of the property affected thereby. From the time of filing such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency (of the action, and only of its pendency) against parties designated by their real names."

"Sec. 348.—An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

Construing the two articles together we feel bound to hold that an action is still pending until an unappealable judgment arises. In *Todd* v. *Romeu,* 206 U. S. 358, the Supreme Court of the United States held in effect that the common law doctrine of *lis pendens* did not prevail in Porto Rico; that to notify innocent purchasers here a cautionary notice was necessary in the registry of property. The intention of the Legislature by the passage of the two sections was to make the pendency of a suit duly noticed in the registry, the equivalent of the common law constructive notice to purchasers. A complainant has complied with his duty to innocent purchasers if he places a cautionary notice in the registry. The *caveat* must remain until there is no possibility of a judgment in favor of a complainant.

The argument of the appellee is that to prevent the

cancellation of a judgment, rendered final by its affirmance on appeal by this court, the appellant should give a supersedeas bond. We agree with the appellant, however, that the effect of a supersedeas bond is to suspend the execution. The continuance of a cautionary notice does not prevent execution. We are inclined to think that the court might tax costs and fees and issue execution; that for the purposes of such taxation the judgment of this court should be considered final. Suffice it to say that we know of no way by which a supersedeas bond could apply in terms to an existing cautionary notice.

Furthermore, we can not agree with appellee that the cancellation order was not appealable. The appellee thought it necessary to obtain a cancellation and the action of the court was clearly an order after judgment and touched upon matters not specifically passed upon therein.

The order must be reversed.

Mr. Justice Hutchison took no part in the decision of this case.